IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.                           No.    CV 15-1184 JP/LAM
                                         CR 12-1072 JP

**LUIS GERARDO BENITEZ,**

    **Defendant/Movant.**

## ORDER STAYING CASE

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion to correct his sentence [*Doc. 1*],[1] which was filed on December 9, 2015. Plaintiff/Respondent (hereinafter "the Government") filed a response to the motion on March 3, 2016 [*Doc. 6*], and Defendant filed a reply on March 17, 2016 [*Doc. 8*].  On March 28, 2016, Defendant filed an unopposed motion to stay the case pending the United States Supreme Court's decision in *Welch v. United States*, 136 S.Ct. 1257 (2016) [*Doc. 9*], which the Court granted [*Doc. 11*].  On June 15, 2016, after the decision in *Welch v. United States* was issued, Defendant filed a supplemental brief [*Doc. 17*], and, on July 5, 2016, the Government filed a response to Defendant's supplemental brief [*Doc. 18*].  Defendant did not file a reply and the time for doing so has passed.  Having considered the parties' submissions, the record of this case, and relevant law, the Court **FINDS** that this case shall be **STAYED** pending a decision in *Beckles v. United States*, S.Ct. No. 15-8544.

---

[1] Hereinafter, all documents from Case No. CIV-15-1184 cited in this decision will be designated as "*Doc.*" followed by their docket number.

On May 9, 2013, Defendant was sentenced to 192 months of imprisonment for Possession with Intent to Distribute 500 Grams and More of Methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). [*Cr.Doc.* 45 at 1-2].[2] Defendant states that he was found to be a career offender under the Sentencing Guidelines, U.S.S.G. § 4B1.1(a), which classifies a defendant as a career offender if the defendant is convicted of a felony that is either a crime of violence or a controlled substance offense, and has at least two prior felony convictions of either a crime of violence or a controlled substance offense. [*Doc. 1* at 2]. Defendant states that his prior offense for Theft from a Person was used to classify him as a career offender under the residual clause of U.S.S.G. § 4B1.2(a)(2), which defines a crime of violence as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 4. Defendant contends that the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act to be unconstitutionally vague, applies equally to the Sentencing Guidelines career offender residual clause. *Id.* Therefore, Defendant contends that pursuant to the holding in *Johnson*, he is no longer a career offender under the Sentencing Guidelines, and the Court should resentence him using an advisory guidelines range of 140-175 months, and "then consider ordering a downward variance, as it did originally in this case." *Id.* at 15.

In response to both Defendant's § 2255 motion and to Defendant's supplemental brief, the Government contends that the holding in *Johnson* does not apply retroactively in Sentencing Guidelines cases, and asks the Court to find that Defendant is not entitled to relief. *See* [*Doc. 6* at 4-13] and [*Doc. 18* at 2]. Furthermore, in response to Defendant's supplemental brief, the Government states that the United States Supreme Court recently granted the petition for writ of

---

[2] Hereinafter, all documents from the underlying criminal case (Case No. CIV-12-1072 JAP) will be designated as "*Cr.Doc.*" followed by their docket number.

certiorari in *Beckles v. United States*, S.Ct. No. 15-8544, in which the Supreme Court will decide whether the holding in *Johnson* applies to the residual clause of U.S.S.G. § 4B1.2 and, if so, whether the holding applies retroactively to Sentencing Guidelines cases on collateral review. [*Doc. 18* at 3]. Therefore, in the alternative, the Government asks the Court to stay its decision pending a ruling by the Supreme Court in *Beckles*.

First, the Government should have asked for a stay in this case in a separate motion, not in a response to a pleading. See D.N.M. LR Civ. 7.1(a) ("A motion must be in writing and state with particularity the grounds and the relief sought."). Nevertheless, because Defendant is represented by counsel and had an opportunity to respond to the Government's request for this alternative relief but failed to do so, the Court finds that a stay is appropriate given that the Supreme Court's ruling in *Beckles* may affect the Court's disposition of the merits of this case. In deciding whether to stay § 2255 proceedings until the Supreme Court issues its decision in *Beckles*, the Tenth Circuit has considered whether the defendant would be prejudiced by the stay. Where a defendant has alleged that he would be eligible for immediate release if he were to prevail on the merits of his *Johnson* claim, the Tenth Circuit has denied the Government's request for a stay. *See United States v. Evans*, No. 16-1171, ECF No. 01019657091 (10th Cir. July 14, 2016) (denying request for stay); Appellant's Brief in Opposition to Motion to Stay, ECF No. 01010656542, at *3 (July 13, 2016) (opposing government's request for a stay in part because the defendant would be eligible for immediate release if he were to prevail on his § 2255 motion). Conversely, where the defendant makes no such argument, and his term of imprisonment would still be lengthy if the Court were to rule in his favor on the merits of his *Johnson* claim, the Tenth Circuit has granted the government's request for a stay. *See United States v. Rollins*, No. 15-1459, ECF No. 01019651916 (10th Cir. July 6, 2016) (stating that, after consideration of

3

Defendant/Appellant's arguments in opposition to the Government's motion to stay the case, the case will remain stayed until the Supreme Court issues decision in *Beckles*); Appellant's Motion to Reconsider Order Abating Appeal and Tolling Briefing, ECF No. 01019651916 (July 6, 2016) (wherein Appellant did not argue that a stay would be unfairly prejudicial); and Appellant's Supplemental Opening Brief, ECF No. 01019628809, at *7-8 (May 27, 2016) (demonstrating that Appellant would not be eligible for immediate release even if he were to prevail on the merits of his *Johnson* claim).

Here, Defendant did not respond to the Government's request for a stay despite having an opportunity to do so and, thus, Defendant does not contend that he would be unfairly prejudiced by a stay of these proceedings. Instead, Defendant contends that he should be sentenced pursuant to a guideline range of 140-175 months, and asks the Court to depart downward from this range. *See* [*Doc. 1* at 15]. Nevertheless, since Defendant has served a little more than three years of his sentence, he would not be eligible for release even if he were to prevail on the merits of his *Johnson* claim. Therefore, the Court finds that Defendant would not be prejudiced by a stay of these proceedings and finds that a stay of this case pending a decision in *Beckles* is appropriate.

**IT IS THEREFORE ORDERED** that this case is hereby **STAYED** until the United States Supreme Court issues an opinion in *Beckles v. United States*, S.Ct. No. 15-8544.

**IT IS FURTHER ORDERED** that counsel for the Government shall notify the Court when the Supreme Court issues an opinion in *Beckles v. United States*.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**